IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMAL J. WALIA,

    Plaintiff,                                CIV. NO. S-09-1716 FCD GGH PS

    vs.

CALIFORNIA VETERINARY MEDICAL BOARD,

    Defendant.                        <u>FINDINGS AND RECOMMENDATIONS</u>

        Previously pending on this court's law and motion calendar for December 17, 2009, was defendant California Veterinary Medical Board's ("CVMB") second amended motion to dismiss, filed October 23, 2009.  Having heard oral argument and reviewed the papers in support of and in opposition to the motion, the court now issues the following findings and recommendations.

<u>BACKGROUND</u>

        In his complaint, filed June 22, 2009, plaintiff, a native East Indian who is a naturalized United States citizen, alleges that the CVMB denied his request for a veterinary license in California based on racial discrimination.  He seeks a license to practice veterinary medicine in California under reciprocity with the states where he currently holds valid such licenses, including Washington, Florida and Illinois.  Plaintiff's opposition states that he filed three applications with the CVMB and two were rejected.  His third and final application was

1

denied on June 21, 2006 with the explanation that "I had not completed 'Sufficient Rehabilitation' in Washington State, to be issued any type of Veterinary License, whether under Reciprocity or under regular rules and regulations." (Pl.'s Oppo. at 10.)  Plaintiff explains that Washington conducted some investigations, but then closed them and allowed him to resume practice there so that the ALJ's reasoning based on insufficient rehabilitation was not warranted.

DISCUSSION

     I.  Legal Standard For Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

Case 2:09-cv-01716-FCD-GGH   Document 15   Filed 06/18/10   Page 3 of 8

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

II. Analysis

CVMB brings the instant motion for failure to state a claim based on Eleventh Amendment Immunity, failure to exhaust administrative remedies, and that the action is barred by the statute of limitations. Because this action is barred by the statute of limitations, the undersigned will not reach CVMB's other grounds for dismissal which are either problematic or temporary in nature.

CVMB argues that all of the pertinent events occurred more than two years before plaintiff filed his complaint, and therefore the action, brought under 42 U.S.C. § 1983, is time barred.

For civil rights actions under 42 U.S. C. § 1983, federal courts apply the statute of limitations of the state in which the claim arises. See Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir. 1987). State law also determines the application of tolling doctrines. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989) (relevant state tolling statutes apply to prisoners' civil rights suits); Johnson v. Railway Express CVMB, 421 U.S. 454, 464-65 (1975) (state tolling

provisions apply unless an important federal policy will be undermined by their application).

Section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations. See Wilson v. Garcia. 471 U.S. 261, 268-71, 276 (1985); Bianchi v. Bellingham Police Dep't., 909 F.2d 1316, 1317 (9th Cir. 1990). In California, the applicable statute of limitations is California Code of Civil Procedure § 335.1, which provides for a limitations period of two years from the date the cause of action accrues. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

While normally the burden of proving that the statute of limitations has expired falls on the defendant, see Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153, 1161 (3d Cir. 1989), when the statute of limitations defense shows on the face of the complaint, the burden of alleging facts which would extend the statute falls upon the plaintiff. Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 120 (9th Cir.1980); Rutledge v. Boston Woven Hose & Rubber Co., 576 F.2d 248, 249 (9th Cir.1978). "[I]f the plaintiff . . . pleads facts and the facts show that he is entitled to no relief, the complaint should be dismissed. There would be no point in allowing such a lawsuit to go any further; its doom is foretold." American Nurses' Ass'n v. Illinois, 783 F.2d 716, 727 (7th Cir.1986). See Tregenza v. Great Am. Communications Co., 12 F.3d 717, 718 (7th Cir.1993) (where affirmative defense of statute of limitations follows inevitably from facts pleaded in complaint, Rule 12(b)(6) dismissal may be proper), cert. denied, 511 U.S. 1085, 114 S. Ct. 1837, 128 L.Ed.2d 465 (1994); Thomas v. Farley, 31 F.3d 557, 558-559 (7th Cir. 1994) (plaintiff choosing "to plead particulars, and they show he has no claim, then he is out of luck – he has pleaded himself out of court.")

Although the complaint alleges that the alleged violations took place from "1998 to the date of this civil action," plaintiff's recitation of the facts sets forth in detail the administrative proceedings, ending with the third and most recent administrative decision, dated

\\\\\

\\\\\

1  June 21, 2006. (Compl., at 2, 18.) Plaintiff argues that his June 22, 2009[1] complaint was timely
2  filed within Washington state's three year statute of limitations. This court must apply
3  California's statute of limitations, however, and may not consider Washington's statute of
4  limitations. Under this scenario, plaintiff's claim is time barred as having been filed more than
5  two years after the alleged events.

6  However, under California law, a statute of limitations is tolled if plaintiff was
7  pursuing administrative or other recognized remedies, and *if* the remedies pursued were in
8  respect to the primary wrong sought to be addressed in the litigation. Donahue, 848 F.2d at 931;
9  see also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1138 (9th Cir. 2001) (en
10 banc). Moreover, if California law determines that an administrative action is final, that law will
11 govern the parameters of equitable (statutory) tolling. Although plaintiff does not argue that his
12 action should be considered timely because of tolling principles, because he is pro se, and
13 because the motion to dismiss is bare bones on the limitations issue, the court considers the
14 above argument. Where the facts are unclear, they will be assumed in the most advantageous
15 way to plaintiff.

16 Plaintiff's action here runs afoul of the requirement that the primary facts at issue
17 in the pursuit of the other remedies must also be the facts at issue in the federal action. As set
18 forth in the Complaint, plaintiff sought relief at the administrative hearing solely focused on his
19 assertion that his previous discipline at the hands of the Washington on account of consumer
20 complaints was based on either stale or much exaggerated information, intimating that he had
21 even been exonerated. Plaintiff argued that he had been reinstated in Washington years ago, and
22 that California authorities should have respected that fact when considering his California license
23 application. Plaintiff emphasized that he would submit his skills to a demonstration. The

---

[1] Plaintiff contends that his complaint was filed on June 17, 2009, and has attached the face page of what appears to be the complaint filed in this action, with a file stamped date of June 17, 2009. (Pl.'s Oppo., Ex. 3.) The file stamped copy on file with the court reflects a June 22, 2009 file date. (Dkt. #1.) The outcome is the same, no matter which date is considered.

5

administrative decision issued in those proceedings was based on his insufficient professional rehabilitation. Plaintiff's request for reconsideration and supplements were based on his belief that the CVMB had got the facts regarding his past Washington suspension wrong. See Attachments to Complaint. The September 26, 2006 request for reconsideration did contain a discrimination tag line, i.e, a closing conclusion that his application must have been denied in account of his ethnicity, but this one completely unsupported, one sentence tag line in no meaningful way changed the issue focus of the administrative complaint and the facts at issue therein. Plaintiff did not repeat this conclusion in his supplemental filings.

The federal action, on the other hand, based on several sections of the Civil Rights statutes (42 U.S.C. sections 1981, 1983, 1985), has nothing to do with the merits of past complaints or plaintiff's skills. Rather, plaintiff now believes his California veterinary license was denied on account of the ethnic bias of the California CVMB officials and the administrative law judge. This court allegation is far afield from the facts of the administrative proceedings – too different to toll the statute of limitations based on pursuit of other remedies.[2]

Moreover, even assuming the sameness of the allegations, plaintiff's possible tolling ended as a matter of law months before he filed this action on June 22, 2009. As reported in the Complaint, plaintiff sought review of the 2005 CVMB decision again denying his license application.[3] Under California law, Cal. Govt. Code sections 11501 et. seq., and at the request of plaintiff, the matter was heard by a California administrative law judge. Plaintiff alleges that the ALJ's proposed decision was issued on June 21, 2006. Plaintiff alleges that he sought

---

[2] Plaintiff referenced in his complaint that he had asked the ALJ to give him discovery on "white doctors" who had been involved in license reinstatement. However, discrimination was never made an issue in the administrative proceedings.

[3] Plaintiff also sought veterinary licensure in 1998 (denied for falsity in the application) and in 2001 in which plaintiff alleges that he received no decision. Plaintiff did pursue administrative remedies on the first application (denied), but not on the second. Rather than seek Superior Court review, plaintiff instead filed a 2005 re-application. These earlier applications have no effect on the limitations issues stemming from the 2006 denial of the 2005 application, and, of course, cannot be at issue here because of the limitations bar.

reconsideration from the CVMB of this proposed decision, first on September 26, 2006, and then in later supplements to that initial request (January 15, 2007 and February 16, 2008 respectively).

Under California law, a state agency may formally adopt (or reject) an ALJ's decision, or the proposed ALJ decision may become final through inaction after 100 days. Cal. Govt. Code section 11517 and specifically subsection (c)(2). In this case, neither party references a CVMB adoption or indeed any CVMB action; thus, the court assumes that the decision became final on September 29, 2006. The time in which to seek reconsideration of a final decision is unclear with respect to a 100 day final decision, see Cal. Govt. Code section 11519 (30 days after service of agency decision). However, the undersigned will consider plaintiff's possibly three-day premature request for reconsideration, at least assuming mail delivery on the same day as written) as a timely request for reconsideration. Plaintiff alleges he never received a decision on his request for reconsideration. Under California law, the request for reconsideration was deemed denied as a matter of law 30 days after it was made (on or about October 26-29, 2006). Cal.Govt. Code section 11521. Plaintiff cannot have been pursuing other remedies through reconsideration when those remedies were already exhausted as matter of law. Therefore, any possible tolling under state law ended at the latest on October 29, 2006 with the deemed-as-a-matter-of-law determination.[4] Plaintiff's June 2009 federal filing was beyond the two year limitations period, even commencing the period on October 29, 2006.

Plaintiff's discrimination complaint herein is barred by the statute of limitations because it does not relate to the issues adjudicated in the administrative arena, and because it is further untimely in any event.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that: defendant's second

---

[4] Plaintiffs supplemental letters regarding his initial request cannot logically be seen as seriatim individual requests for reconsideration. They were not phrased as such, and in any event, such serial letters would neither be timely requests for reconsideration, nor would plaintiff be acting reasonably in continually seeking reconsideration of denied decisions.

7

amended motion to dismiss, filed October 23, 2009, (dkt. # 11), be granted, and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Walia1716.mtd.wpd